**(Revised 12/2022)**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:25-cr-00176 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | |
| | ) | AMENDED TRIAL ORDER |
| GRANT T. WILCOX, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

**SUMMARY OF DATES CONTAINED IN AMENDED TRIAL ORDER**

| | |
|---|---|
| Motions Deadline . . . . . . . . . . | 5/1/2026 |
| Responses to Motions Deadline . . . . . . . . . . | 5/22/2026 |
| Reply to Motion Deadline . . . . . . . . . . | 5/29/2026 |
| Plea Deadline. . . . . . . . . . | 7/17/2026 |
| Motions in Limine Deadline . . . . . . . . . . | 7/31/2026 |
| Responses to Motions in Limine Deadline . . . . . . . . . . | 8/4/2026 |
| Final Pretrial Conference and Motion in Limine Hearing (if necessary)……..….. | 8/11/2026 at 1:00 p.m. |
| Parties to File Joint Stipulations as to Uncontested Facts . . . . . . . . . . | 8/14/2026 |
| Parties to File Joint Preliminary Statement . . . . . . . . . . | 8/21/2026 |
| Parties to Exchange Proposed Jury Instructions . . . . . . . . . . | 8/14/2026 |
| Parties to File Joint Proposed Jury Instructions . . . . . . . . . . | 8/21/2026 |
| Parties to Exchange Proposed Exhibits . . . . . . . . . . | 8/21/2026 |
| Parties to Provide Court with Witness List Under Seal . . . . . . . . . . | 8/28/2026 |
| Parties to Provide Court with Two (2) Courtesy Copies of Proposed Exhibits and a Removable USB Flash Drive of the Exhibits . . . . . . . . . . | 8/28/2026 |
| Jury Trial . . . . . . . . . . ……. | 8/31/2026 at 8:00 a.m. |

## GUILTY PLEA HEARING

The plea deadline is **July 17, 2026**. A guilty plea hearing shall be scheduled by counsel with the Court to take place on or before this date.

## DISCOVERY AND RULE 17(c)

Criminal discovery is governed by Fed. R. Crim. P. 16 and United States Supreme Court and Sixth Circuit law. Motions seeking discovery must set forth the factual and legal support for such discovery. Boiler plate and *pro forma* discovery motions are discouraged.

Fed. R. Crim. P. 17(c) is not a discovery tool. In order to utilize the Court's subpoena power under Rule 17(c), a party must first file a motion on the public docket for the issuance of a subpoena *duces tecum* and must attach to the motion the proposed subpoena. The motion should demonstrate that the proposed subpoena meets the requirements identified by the Supreme Court in *United States v. Nixon*, 418 U.S. 683, 698–99, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974), specifically, "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the parties cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699–700 (footnote omitted). Any such motion must also make a sufficient showing of relevancy, admissibility, and specificity.

Additionally, the proposed subpoena must meet the technical requirements of Rule 17(c). In particular, the subpoena must request that the document be produced in connection with a formal hearing and must be produced at the courthouse. Proposed subpoenas that provide for document

production away from the court—such as an attorney's office—and/or at a date and time far removed from any formal hearing in the case will be denied.

**FINAL PRE-TRIAL CONFERENCE**

The final pre-trial conference set for **August 11, 2026**, at **1:00 p.m**., in this matter will take place in Courtroom 530, 2 South Main Street, Akron, Ohio**.** Counsel must be present and prepared with full authority to discuss all aspects of the case, including any pending motions and trial schedules. The defendant must be present. NO PLEAS PURSUANT TO A WRITTEN PLEA AGREEMENT WILL BE TAKEN AFTER THIS DATE.

It is the responsibility of counsel to notify the Court in writing immediately of any failure to provide discovery material. The Court will not continue a scheduled trial because of a failure to provide discovery, if this requirement has not been complied with.

**TRIAL**

The Jury Trial will commence in Courtroom 530, 2 South Main Street, Akron, Ohio, on **August 31, 2026,** at **8:00 a.m.**, on a one-week standby basis.

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

**1. <u>TRIAL DAYS</u>**

Trials will begin at 8:00 a.m. and continue until 5:00 p.m. unless circumstances dictate otherwise. A one (1) hour lunch break and two (2) fifteen-minute breaks will be provided. Counsel must promptly notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel

should expect to be present in the courtroom from 7:45 a.m. until 5:30 p.m. in order to address matters outside the presence of the jury.

All parties are to be present in the courtroom at all times when the jury is seated.

**2. STIPULATIONS OF FACT AND PRELIMINARY STATEMENTS**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court no later than **August 14, 2026.**

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and must be filed with the Court and emailed to chambers in Word format no later than **August 21, 2026**.

**3. MOTIONS IN LIMINE**

Motions *in limine*, which are limited to motions that raise evidentiary issues for trial, shall be filed no later than **July 31, 2026,** and responses shall be filed no later than **August 4, 2026**. Unless invited by the Court, reply briefs are not permitted. The Court does not look favorably upon the practice of filing *pro forma* motions. It is expected that every motion filed will be based on real factual need and be supported by a substantial foundation and that such foundation will be explicitly stated in the motion pursuant to Local Criminal Rule 12.1.

## 4. EXHIBITS

Counsel shall mark for identification purposes all proposed exhibits and material intended to be used or offered during the course of the trial or hearing. All exhibits and/or material intended to be used during the trial shall be marked for identification purposes with labels, available upon request from the Office of the Clerk, and indexed.

All parties shall mark exhibits with numbers and the name of the party (*e.g.*, "1-Government," "1-Jones," "1-Smith"). Joint exhibits shall use numbers followed by the word "Joint," e.g., 1-Joint, 2-Joint. The case number shall appear on the exhibit stickers. Any multi-page exhibit must have numbers applied to each page for ease of identification.

All documentary exhibits and/or papers intended to be used during the course of trial shall be assembled in three-ring binders, with each document or paper properly marked at the lower right-hand corner for identification purposes as described above.

Each party shall place its properly labeled documentary exhibits and/or papers on a removable USB flash drive and send the flash drive to the Court by **August 28, 2026**. The following file extensions are permitted for exhibits: .pdf; .jpg; .gif; .wmv; .mpg; .wma; .mp3; .bmp; and .tif. When naming the exhibit files on the flash drive, the following format must be used:

<exhibit number/letter>_<PARTY + NAME & exhibit name>.<file extension>

Some examples include:

1_GOVERNMENT Camera Footage.wmv [Government's Exhibit 1]

1_DEFENDANT JONES Financial Records.pdf [Defendant Jones's Exhibit 1]

1_DEFENDANT DOE April Bank Statement.pdf [Defendant Doe's Exhibit 1]

1 _JOINT February Payroll.gif [Joint Exhibit 1]

On **August 28, 2026**, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit.

Counsel shall exchange exhibits (see Appendix A) on or before **August 21, 2026**. The exhibit lists shall list and briefly describe each item of documentary or physical evidence which is to be offered.

Each attorney shall have a continuing obligation to supplement the party's exhibit list immediately upon learning of any additional exhibit. Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents.

Exhibits themselves will not be filed with the Clerk of Court.

**5. <u>WITNESSES</u>**

The parties shall file under seal a list of proposed witnesses (*see* Appendix B) on or before **August 28, 2026**. The witness lists shall provide a brief description of each witness and the purpose of witness's testimony.

## 6. VOIR DIRE AND JUROR QUESTIONNAIRE

The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question the panel briefly on issues not addressed by the Court.

Joint proposed questions for the Court's *voir dire* must be filed no later than **N/A.**

A Joint Proposed Juror Questionnaire shall be filed with the Court and emailed to chambers in Word format no later than **N/A.** The Court shall conduct a Telephonic Conference with counsel on **N/A** to finalize the Juror Questionnaire.

## 7. JURY INSTRUCTIONS

The parties are required to file complete jury instructions with the Court and email them to chambers in Word format. The instructions should include: (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular charges for which the defendant is on trial; (3) any interrogatories; and (4) jury verdict forms.

The parties shall exchange proposed jury instructions no later than **August 14, 2026**. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than **August 21, 2026**, providing: (1) agreed upon instructions; (2) instructions proposed by plaintiff, but opposed by defendants; and (3) instructions proposed by defendants, but opposed by plaintiffs. All proposed instructions shall be supported by citations to legal authority.

**8. JENCKS AND RECIPROCAL JENCKS MATERIAL**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day before the witness is expected to testify.

**9. SPECIAL INSTRUCTIONS TO COUNSEL**

Any and all motions, responses, stipulations, objections, pleadings or memoranda filed or required to be filed within two (2) business days of any plea, conference, hearing, final pretrial, or trial, shall be emailed to chambers in Word format as well as to opposing counsel on the same day it is filed. If and when a plea or change of plea is scheduled, the plea agreement shall be emailed to the Court in Word format not later than one day prior to the plea.

**10. ELECTRONIC COURTROOM**

The Court is pleased to have one of the most technologically advanced courtrooms in the United States. This courtroom features, among other things, the technology necessary to present evidence in a video format. The Court encourages counsel to utilize this technology whenever appropriate.

The parties bears the responsibility for developing proficiency with this technology well in advance of trial.

**11. CONDUCT OF COUNSEL**

Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**12. CHANGE OF ADDRESS**

The parties shall notify the Court and the Clerk of this Court by letter of any address and/or telephone number changes to assure proper notification.

**IT IS SO ORDERED**.

Dated: March 19, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**